Faisal Gill (SBN 263416)
Gill Law Firm
1901 Avenue of the Stars
Suite 1060
Los Angeles, CA 90067
310-418-6675
213-260-8255 (fax)
Fgill@glawoffice.com

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TEANA LOUIS | ) | |
| | ) | |
| | ) | COMPLAINT |
| | ) | |
| vs | ) | |
| | ) | |
| COUNTY OF VENTURA; | ) | |
| COUNTY OF VENTURA SHERIFF'S | ) | |
| DEPARTMENT; DEPUTY | ) | |
| DOES 1-10 | ) | |

## INTRODUCTION

1. On May 8th at around 12:54am at or near the 101 Freeway Teana Louis and her friend were followed by a truck with no lights on.

2. The truck then turned on its lights, to which Teana and her friend pulled over onto the side of the freeway.

3. After pulling over, five (5) Ventura County Sheriff's Deputies with firearms began surrounding the girls and shouting at them to open the door.

4. The police told Teana to walk back slowly while guns were pointed towards her back and placed her in the back of their patrol car.

1

5. After being placed in the back of the patrol car, the Deputies began searching Teana Louis' vehicle and purse despite being told by the girls that they did not have permission to do so.

6. As a result of this interaction, Ms. Louis had a panic attack and an ambulance was called to the scene. After being checked out, Deputies questioned the two women and later took Teana's friend to jail.

7. The Deputies stated that Teana couldn't drive her friend's car home however they could drop her off at a local gas station. Teana then called her mother to pick her up; however, the female Deputy stated that she couldn't wait for her. This caused Ms. Louis to have another panic attack.

8. The female Deputy called the ambulance for a second time in which Ms. Louis was transferred to the hospital for treatment.

## PARTIES

9. Plaintiff, TEANA LOUIS, is, and at all relevant times mentioned herein was, a resident of the County of Orange and State of California.

10. Defendant County of Ventura ("the County") is, and at all relevant times mentioned herein was, a legal political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected County Board of Supervisors and/or their agents and deputies. The County is responsible for the actions, inactions, policies, procedures, practices and customs of the Ventura County Sheriff's Department

2

("VCSD") and its agents and employees. At all relevant times, the County was and continues to be responsible for assuring that the actions of the VCSD and its agents and employees comply with the Constitutions of the State of California and of the United States and any other applicable laws and regulations.

11. Defendant Deputy DOE 1 is an employee of the VCSD, who, on information and belief, without justification seized and used excessive force on Ms. Louis.

12. Defendant Deputy DOE 2 is an employee of the VCSD, who, on information and belief, without justification seized and used excessive force on Louis.

13. Defendant Deputy DOE 3 is an employee of the VCSD, who, on information and belief, without justification seized and used excessive force on Ms. Louis.

14. Defendant Deputy DOE 4 is an employee of the VCSD, who, on information and belief, without justification seized and used excessive force on Ms. Louis.

15. Defendant Deputy DOE 5 is an employee of the VCSD, who, on information and belief, without justification seized and used excessive force on Ms. Louis.

16. Defendant Deputy DOE 6 is an employee of the VCSD, who, on information and belief, without justification seized and used excessive force on Ms. Louis.

17. Defendant Deputy DOE 7 is an employee of the VCSD, who, on information and belief, without justification seized and used excessive force on Ms. Louis.

18. Defendant Deputy DOE 8 is an employee of the VCSD, who, on information and belief, without justification seized and used excessive force on Ms. Louis.

3

19. Defendant Deputy DOE 9 is an employee of the VCSD, who, on information and belief, without justification seized and used excessive force on Ms. Louis.

20. Defendant Deputy DOE 10 is an employee of the VCSD, who, on information and belief, without justification seized and used excessive force on Ms. Louis.

21. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendants and each of them were the agents, employees, servants, joint venturers, partners, and/or co-conspirators of the other Defendants named in this Complaint and that at all times, each of the Defendants was acting within the course and scope of said relationship with Defendants.

22. Plaintiff is informed and believes, and thereupon alleges, that at all times material herein, each of the Defendants was the agent or employee of, and/or working in concert with, his/her co-Defendants and was acting within the course and scope of such agency, employment and/or concerted activity. Plaintiffs allege that to the extent certain acts and omissions were perpetrated by certain Defendants, the remaining Defendant or Defendants confirmed and ratified said acts and omissions.

23. Plaintiff is informed and believes and thereupon alleges, that at all times material herein, each Defendant was dominated and controlled by his/her co-Defendant and each was the alter-ego of the other.

24. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or Defendants, such allegations and references shall also be deemed to

4

mean the acts and failures to act of each Defendant acting individually, jointly and severally.

25. Plaintiff exhausted her administrative remedies by timely filing governmental tort claims with the County of Ventura on or about August 20, 2021. By correspondence on or around September 15, 2021, the County of Ventura rejected Plaintiffs' governmental tort claims.

## JURISDICTION AND VENUE

26. This Court has jurisdiction under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

27. This Court has jurisdiction of state law claims made by Plaintiff in this matter under 28 U.S.C. § 1367 as the state law claims are so related to the federal claims in this action with original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28. Venue is proper in the United State District Court of the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) as the Central District is "a judicial district in which any defendant resides" and "all defendants are residents of the State in which the district is located."

29. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), as the Central District is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"

5

## FACTUAL BACKGROUND

30. On or about May 9, 2021, at around 12:54am, Teana Louis and her friend were going south bound on the 101 Freeway when they noticed a truck with no lights following them.

31. The truck was following them at a very close range for at least 5 minutes on the freeway.

32. Ms. Louis and her friend were terrified so they panicked and slowed down.

33. Once they slowed down the truck turned on its lights and the girls realized it was a law enforcement vehicle.

34. Teana Louis and her friend immediately pulled the car over to the side of the freeway.

35. Immediately after pulling over, about five (5) Ventura County Sheriff's Deputies were surrounding Ms. Louis and her friend with firearms aimed at them.

36. The officers ordered them to put both hands outside the window and although Ms. Louis immediately complied, the officer kept ordering her to put her hands outside the window as if she wasn't complying and he was going to shoot.

37. They then ordered Ms. Louis to take one hand and use that hand to open the outside of the door, however the door was locked, so she had to use her other hand to unlock the door from the inside.

38. The officers then told her to walk back slowly with the guns pointing towards her back.

39. The women were placed in the back of the patrol car, and the Defendant Deputies then began searching the vehicle.

40. Ms. Louis and her friend let the Defendant Deputies know that they didn't have a right to search the car or their belongings, but they still proceeded to search the car and Ms. Louis's purse.

41. Nothing of note was found inside the vehicle or their belongings.

42. As a result of the egregious actions of the Defendant Deputies, Ms. Louis was in distress and had a panic attack and an ambulance was called to the scene.

43. Defendant Deputies then questioned Ms. Louis and her friend and then arrested her friend.

44. The Defendant Deputies told Ms. Louis tht she was unable to drive her friend's car home.

45. The Defendant Deputies told Ms. Louis that they could drop her off at a nearby gas station; however, this was extremely dangerous given the time of night.

46. A female Deputy dropped Ms. Louis off at a closed police station that was near a mountain with coyotes present.

47. She called her mom and the female Deputy told Ms Louis she couldn't wait for her.

48. Ms. Louis tried to call for an uber but the app kept saying that no Ubers were currently available.

49. Ms. Louis started having another panic attack and the female Deputy called paramedics for a second time.

50. The ambulance transported Ms. Louis to Los Robles hospital for treatment.

51. Since this incident, Ms. Louis suffers from extreme fear, anxiety, post-traumatic stress disorder, lack of sleep, and panic attacks due to the emotional impact of the incident.

**COUNT I**
**42 U.S.C. § 1983**
**Fourth and Fourteenth Amendments: Unlawful Seizure**
**(By Plaintiff Against All Defendant Deputies)**

52. Plaintiff Louis realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

53. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable government seizure of her person.

54. At all times mentioned herein, the Defendant County of Ventura employed the Defendant Deputies, and provided them with official badges and identification cards which designated and described the bearers as employees of the County of Ventura and the Ventura County Sheriff's Department.

55. All of the acts of Defendants and the persons involved were done under color of state law.

56. Both prior to and during the time in which Plaintiff was stopped, detained, and assaulted by Defendants, Plaintiff was not armed with any kind of weapon, posed no reasonable or credible threat of violence or injury to any Defendant, and made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable officer that she was armed with any kind of weapon or posed any sort of threat.

8

57. The acts of the Defendant Deputies deprived Ms. Louis of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to her rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by, among other things, unlawfully seizing Ms. Louis without any lawful basis, probable cause, warrant, or any exception thereto.

58. Each of the Defendant Deputies were personally involved and an integral participant in the violation of Ms. Louis' constitutional rights. Each deputy was aware of the unlawful actions of the other Deputies as they unlawfully restrained and assaulted Ms. Louis; did not object to this violation of Ms. Louis' rights; and participated in the violation by performing police functions, including meaningful participation in the seizure.

59. As a direct and proximate result of the aforementioned acts of the Defendant Deputies, Ms. Louis sustained and incurred damages including pain, suffering, and emotional injury.

60. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Ms. Louis. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant Deputy (but not against the entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

9

61. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

62. The Defendant Deputies and any other involved deputies acted pursuant to expressly adopted official policies or longstanding practices or customs of the County of Ventura and VCSD. These include policies and longstanding practices or customs in unlawful seizures where the Deputies do not have probable cause to seize an individual.

63. The training policies of the County of Ventura and VCSD were not adequate to train its deputies to handle the usual and recurring situations with which they must deal, including but not limited to unlawful seizures. The County of Ventura and VCSD knew that its failure to adequately train its deputies to interact with such individuals made it highly predictable that its deputies would engage in conduct that would deprive persons such as Ms. Louis of her rights.

64. The County of Ventura and VCSD was thus deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

65. Defendants County of Ventura and VCSD's official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Ms. Louis by Deputies listed as DOE 1-10; that is, the County of Ventura's and VCSD's official policies and/or longstanding practices or customs are so closely related to the deprivation of Ms. Louis' rights as to be the moving force that caused her injuries.

COMPLAINT

## COUNT II
### Fourth and Fourteenth Amendments: Excessive Force
### (By Plaintiff Against All Defendant Deputies)

66. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth.

67. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable government seizure of her person.

68. At all times mentioned herein, the Defendant County of Ventura employed the Defendant Deputies, and provided them with official badges and identification cards which designated and described the bearers as employees of the County of Ventura and the Ventura County Sheriff's Department.

69. All of the acts of Defendants and the persons involved were done under color of state law.

70. The acts of the Defendant Deputies deprived Ms. Louis of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to her rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by, among other things, using excessive force against Ms. Louis. Specifically, the Defendant Deputies used unreasonable and excessive force when they

11

unlawfully restrained Ms. Louis by pointing multiple firearms at her and forcing her inside a patrol car.

71. Each of the Defendant Deputies was both personally involved and an integral participant in the violation of Ms. Louis's constitutional rights. Each deputy was aware of the unlawful actions of the other Deputies as they planned to use excessive force and did use excessive force against Ms. Louis; did not object to this violation of Ms. Louis' rights; and participated in the violation by performing police functions, including meaningful participation in the excessive force.

72. As a direct and proximate result of the aforementioned acts of the Defendant Deputies, Ms. Louis sustained and incurred damages including pain, suffering, and emotional injury.

73. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Ms. Louis. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant Deputy (but not against the entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

74. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

75. The Defendant Deputies and any other involved deputies acted pursuant to expressly adopted official policies or longstanding practices or customs of the County of Ventura and VCSD. These include policies and longstanding practices or customs in

12

unlawful seizures where the Deputies do not have probable cause to seize an individual.

76. The training policies of the County of Ventura and VCSD were not adequate to train its deputies to handle the usual and recurring situations with which they must deal, including but not limited to unlawful seizures. The County of Ventura and VCSD knew that its failure to adequately train its deputies to interact with such individuals made it highly predictable that its deputies would engage in conduct that would deprive persons such as Ms. Louis of her rights.

77. The County of Ventura and VCSD was thus deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

78. Defendants County of Ventura and VCSD's official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Ms. Louis by Deputies listed as DOE 1-10; that is, the County of Ventura's and VCSD's official policies and/or longstanding practices or customs are so closely related to the deprivation of Ms. Louis' rights as to be the moving force that caused her injuries.

**COUNT III**
**42 U.S.C. § 1983**
**Fourth and Fourteenth Amendments: Failure to Intervene**
**(By Plaintiff Against All Defendants)**

79. Plaintiff Louis realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

80. At all times relevant to the actions and omissions of the Defendant Deputies, each of the Defendant Deputies had a duty to intercede under the circumstances they faced,

13

because (1) it was obvious that their fellow deputies were using excessive and unreasonable force against the passive and defenseless Plaintiff during the incident described in the foregoing paragraphs of this Complaint, and (2) each of the Defendant Deputies had an opportunity to intervene, intercede, and otherwise prevent their fellow deputies' from continuing to assault Plaintiff Louis through the incident involving all of the Defendant Deputies.

81. Notwithstanding this duty to intervene, Defendant Deputies failed to take any actions to prevent, stop, interrupt, or otherwise use their words and/or actions to intervene and prevent the continued deprivations of Ms. Louis's constitutionally protected right to be free from excessive and unreasonable force, entitling Plaintiff to economic, non-economic, and punitive damages and attorneys' fees for violations of civil rights, pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT IV
## UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§ 51 et seq.
### (By Plaintiff Against All Defendants)

82. Plaintiff realleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

83. Section 51(b) of the California Civil Code provides in pertinent part: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex … are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

84. At all times relevant to this action, Ms. Louis resided in California.

14

COMPLAINT

85. Ms. Louis is qualified to participate in or receive the benefit of the County's services, programs, or activities.

86. The County and the VCSD are business establishments within the meaning of the Unruh Civil Rights Act whose facilities, programs, and activities are open to the general public and are operated for the public benefit.

87. Ms. Louis was excluded from participation in and denied the benefits of the County's services, programs, or activities, or was otherwise discriminated against by the County by reasons of her sex, such that Ms. Louis' sex was a substantial motivating reason for the County's discrimination.

88. Defendants did not have a justification to assault Ms. Louis or to detain her because she did not make any threatening gestures nor was she a threat to Defendant Deputies on the scene. The force used by the Defendant Deputies was excessive.

89. The County specifically targeted Ms. Louis and used excessive force against her even though they knew she did not pose a threat.

90. The County knew that it was substantially likely that Ms. Louis would be harmed with respect to her rights but failed to act on that likelihood, and thus acted with deliberate indifference, thereby intentionally discriminating against Ms. Louis.

91. The County's acts and omissions against Plaintiff constitute discrimination against him, intentional and through deliberate indifference, and violate the Unruh Civil Rights Act, Cal. Civil Code §§ 51 et seq., in that Ms. Louis has been denied full and equal accommodations, advantages, facilities, privileges, and services provided to persons of other races.

15

92. As a direct and proximate result of the aforementioned acts, including but not limited to Defendant's deliberate indifference to the violation of Ms. Louis' rights, Ms. Louis suffered great physical and emotional pain and continues to suffer fear, anxiety, insomnia, humiliation, hardship, indignity, and severe mental and emotional anguish.

93. As the direct and legal result of Defendants' conduct, Plaintiff suffered and will continue to suffer damages, including but not limited to those set forth above, and is entitled to statutory damages under Cal. Civ. Code § 52, including damages up to three times Plaintiff's actual damages but no less than $4,000 for every offense of California Civil Code § 51 et seq., as well as compensatory damages and attorneys' fees.

## COUNT V
### TOM BANE CIVIL RIGHTS ACT, CIVIL CODE § 52.1
### (By Plaintiff Against All Defendants)

94. Plaintiff realleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

95. Article I, § 13 of the California Constitution and the Fourth Amendment to the United States Constitution guarantee the right of persons to be free from unlawful entries, false arrests, and the use of unnecessary and excessive force on the part of law enforcement deputies.  The Defendant Deputies, by engaging in the wrongful acts and failures to act alleged herein, intentionally and deliberately denied each of these rights to Ms. Louis by threats, intimidation, or coercion, to prevent Plaintiff from exercising her right to be free of unlawful searches and seizures including unlawful searches, restraint, and/or excessive force, and/or in retaliation for Plaintiff's exercise of these rights, thus giving Plaintiff a claim for damages pursuant to Cal. Civ. Code § 52.1.

16

Specifically, the Defendant Deputies (1) unlawfully seized Ms. Louis without probable cause, (2) and used excessive force against Ms. Louis by pointing multiple firearms at her and forcing her inside a patrol car. The Defendant Deputies intended by their actions to deprive Plaintiff of her enjoyment of the interests protected by the right to be free of such conduct. On information and belief, at the time of the Defendant Deputies' unlawful actions alleged herein, the Defendant Deputies were aware that Ms. Louis had mental issues and that Ms. Louis was only there to inform them of this fact. The Defendant Deputies' unlawful actions were a substantial factor causing Ms. Louis to suffer severe injuries including pain, suffering, and emotional injury.

96. The County of Ventura and VCSD are vicariously liable for its Deputies' misconduct.

97. In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Ms. Louis' rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendant Deputy (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

98. As the direct and legal result of Defendants' conduct, Plaintiff suffered and will continue to suffer damages, including but not limited to those set forth above, and is entitled to statutory damages under Cal. Civ. Code § 52, including damages up to three times Plaintiff's actual damages but no less than $4,000 for every offense of California Civil Code § 51 et seq., as well as compensatory and punitive damages and attorneys' fees.

17

**COUNT VII**
**NEGLIGENCE**
**(By Plaintiff Against All Defendants)**

99. Plaintiffs reallege and incorporate by reference each and every allegation contained above as though fully set forth herein.

100.    The conduct of Defendants as set forth herein, was tortious in that Defendants breached their duty of care to Ms. Louis when the Defendant Deputies used excessive force to assault Ms. Louis unlawfully restrained Ms. Louis by pointing multiple firearms at her and forcing her inside a patrol car.

101.    As a result of the conduct of the Defendants as alleged herein, Ms. Louis sustained and incurred physical and emotional damages.

102.    The County of Ventura and VCSD is vicariously liable for the actions of the Defendant Deputies.

103.    In doing the foregoing wrongful acts, the Defendant Deputies, and each of them, acted with conscious disregard of Ms. Louis's rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendant Deputy (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court:

1.  For compensatory, general, statutory, and special damages against each Defendant, jointly and severally, in amount at least equal to $2 million and to be proven at trial;

18

2.  Punitive and exemplary damages against individually named Defendants DOE 1-10 in an amount appropriate to punish Defendant(s) and deter others from engaging in similar misconduct;

3.  Prejudgment interest;

4.  For costs of suit and reasonable attorneys' fees and costs as authorized by statute or law;

5.  For restitution as the Court deems just and proper;

6.  For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

**JURY TRIAL DEMANDED**

PLAINTIFF DEMANDS A JURY BY TRIAL ON ALL COUNTS.

Respectfully Submitted,

/S/ FAISAL GILL
Faisal Gill (SBN 463416)
Gill Law Firm
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
310-418-6675
310-388-0564 (fax)
Fgill@glawoffice.com

19